IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-00843-BO-BM

| | |
|---|---|
| CAROLYN M. TOWER,<br>Plaintiff, | )<br>)<br>)<br>) |
| v. | )     O R D E R<br>) |
| CAROLYN COLVIN,<br>*Acting Commissioner of Social Security,*<br>Defendant. | )<br>)<br>)<br>)<br>) |

This matter is before the Court on Defendant Colvin's motion to dismiss the complaint as untimely [DE 8] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Tower first filed for disability insurance benefits on September 22, 2020 [DE 10 at 3]. After being denied benefits, Tower appealed to the United States District Court for the Eastern District of North Carolina, which remanded the case for further administrative proceedings. *See Tower v. Kijakazi*, No. 7:23-cv-00988-D-RJ (E.D.N.C. 2023).

Following remand, an administrative law judge again denied Plaintiff's claim for benefits [DE 9 at 2]. Plaintiff then had two options—she could challenge the ALJ's decision with the Appeals Council, or file a civil suit directly with the district court within sixty days of the ALJ's decision becoming final. Here, that meant that Plaintiff Tower needed to file suit with the district court by September 3, 2024. The present suit was filed on September 5, 2024 [DE 1].

For this reason, Defendant Colvin has moved to dismiss the complaint as untimely. Plaintiff Tower has opposed the motion, arguing that the suit was filed within the applicable time period and, alternatively, that equitable tolling principles apply and should allow the claim to proceed.

## ANALYSIS

### I. Plaintiff Tower did not file her suit within the appropriate limitations period.

The United States decides when it may be sued, and has the sovereign authority to define any court's jurisdiction to hear a suit against it. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Relevant here, 42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Commissioner made after a hearing to which he was a party… may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." A decision of the Commissioner becomes final after it is affirmed by the Appeals Council, or if sixty days have elapsed from the issuance of a decision by an administrative law judge and the claimant has not requested review and the Appeals Council has not accepted jurisdiction. 20 C.F.R. § 404.984(c).

Here, the ALJ's decision became final on July 3, 2024. Plaintiff Tower was accordingly required to seek judicial review by September 3, 2024. It is undisputed that Tower did not seek review in this court until September 5, 2024, two days delinquent [DE 9 at 3, DE 10 at 2]. "The sixty-day limit in which to file a civil action is a statute of limitations and a waiver of sovereign immunity that must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). These conditions "must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). Were this the end of the story, Tower's complaint would be untimely, and dismissal would be appropriate.

### II. Equitable tolling principles apply, and the claim should be allowed to proceed.

However, "[t]he 60-day requirement [embodied in § 405)g)] is not jurisdictional, but rather constitutes a period of limitations." *Hargrove v. Astrue*, 2008 WL 5234290, at *3 (E.D.N.C. 2008) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478 (1986)). As such, "equitable tolling

principles are applicable in the § 405(g) context and will be applied, if appropriate, by the Court." *Id.* at *4. Although the Secretary usually retains the authority to determine tolling, a court may act 'where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.''" *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986) (quoting *Bowen*, 476 U.S. at 480).

This Court has previously looked to three factors to determine if equitable tolling is appropriate—whether the plaintiff has diligently pursued their claim, whether plaintiff's case merited reopening by the Appeals Council pursuant to 20 C.F.R. §§ 404.970(b) and 416.1470(b), and whether both the Defendant and Plaintiff would be harmed by dismissing the complaint as untimely. *Hargrove*, at *2.

Here, the first factor clearly weighs in favor of equitable tolling. Plaintiff Tower has diligently worked to pursue her claim over the four years that this matter has been pending by requesting reconsideration of her initial denial, a hearing before an ALJ, and a rehearing before the Appeal's Council on her initial claim, even appearing in district court at the 2023 remand hearing [DE 10 at 3]. Further, the reason for the two-day delinquency in this case was run-of-the-mill attorney error, and did not result from Plaintiff's failure to adequately prosecute her case [DE 10 at 7].

The second factor also weighs in favor of equitable tolling, as Plaintiff has identified discrepancies in the ALJ's decision that could have been addressed by the Appeals Council. Particularly, Plaintiff points to the ALJ's determination that she could perform work as a "document preparer, table worker, and order clerk" when the descriptions of those jobs in the Dictionary of Occupational Titles allegedly conflict with the functional limitations assessed by the ALJ [DE 10 at 3–4].

3

Finally, dismissing this case on procedural grounds would do harm to both Plaintiff and Defendant. Plaintiff has spent four years pursuing her claim, and the Defendant has accordingly invested numerous hours of labor into processing and administratively hearing Plaintiff's claims, as well as arguing the matter before the district court. The two-day delay in this case is unlikely to prejudice the Defendant, and dismissal here would ultimately cost both Plaintiff and Defendant more time, money, and resources. It would be an "unnecessary loop back through the agency proceedings" compared to final resolution after "a single argument on the merits before this Court." *Hargrove*, at *5–6.

Therefore, though the 60-day limit is a condition on the waiver of sovereign immunity, the application of equitable tolling is consistent with Congress's overall statutory purpose and may be considered by this Court. *See Honda v. Clark*, 386 U.S. 484 (1967). Equitable tolling is appropriate here because the Plaintiff has diligently pursued her claim, has identified facts meriting reopening by the Appeals Council, and dismissal would be detrimental to both Plaintiff and Defendant.

## CONCLUSION

For the foregoing reasons, Defendant Colvin's motion to dismiss the complaint as untimely [DE 8] is DENIED. The Plaintiff's complaint was timely as filed on September 5, 2024, and this matter may proceed.

SO ORDERED, this _15_ day of January 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE